IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PACTRANS AIR & SEA, INC.,

    Plaintiff,

vs.                                       CASE NO. 3:06-cv-369/RS-EMT

CHINA NATIONAL CHARTERING
CORP., et. al.,

    Defendants.
_____/

## ORDER

Before me is Plaintiff's Motion to Confirm Arbitration Award (Doc. 81).

## I. BACKGROUND

On August 29, 2006, Plaintiff filed an action for declaratory judgment against Defendants concerning a shipment of gypsum board from China to Pensacola, Florida. (Doc. 1). On November 10, 2006, Defendant Devon (hereinafter "Defendant"[1]) requested that I dismiss the case or, in the alternative, stay the case and refer it to arbitration in Beijing, China, pursuant to the arbitration agreement between the parties. (Doc. 15). On January 26, 2007, I granted in part Defendant's request and ordered the parties to arbitrate in Beijing, China. (Doc.

---

[1] Defendant China National Chartering Corporation never made an appearance in this case.

24). On July 9, 2008, Defendant filed for arbitration before the China Marine Arbitration Commission ("CMAC"). (Doc. 82). On April 20, 2009, Plaintiff attempted to file a counter-claim with CMAC, but it was dismissed by the arbitration commission pursuant to CMAC rules which require counter-claims to be filed within 30 days of the original Notice to Arbitrate. *Id.* On May 7, 2009, Plaintiff filed a separate claim with the CMAC, which was permitted by the arbitration commission and was consolidated with Defendant's original claim. *Id.* On November 23, 2009, the CMAC rendered a decision in favor of Plaintiff against Defendant in the amount of $543,814.74. *Id.* The CMAC found against Defendant on its claim against Plaintiff. On January 22, 2010, Plaintiff filed its motion to confirm that arbitration award and enter judgment against Defendant. (Doc. 81).

## II. ANALYSIS

Pursuant to the implementing statutes of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, or the "New York Convention," any party to the arbitration may within three years after an arbitral award petition the federal district court to confirm the award against any other party to the arbitration. 9 U.S.C. § 207. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention. *Id.* The burden of proof is on the party defending against

enforcement. *Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 336 (5th Cir. 1976).

Defendant raises two defenses under the Convention. First, pursuant to Article V(1)(e), Defendant argues that enforcement of the award should be refused because the award has not yet become binding on the parties. Second, pursuant to Article V(1)(d), Defendant argues that enforcement of the award should be refused because the arbitral procedure was not in accordance with the law of the country where the arbitration took place.

Defendant's first argument fails because the award is already binding on the parties. Under Article 57 of Chinese Arbitration Law, the legal effects of the award letter begin on the day it is written. (Doc. 82-3). In addition, pursuant to Article 65, Chapter VII of the Chinese Arbitration Law applies to the arbitration of "economic, trade, transport and maritime disputes which involve foreign concerns." *Id.* The instant case is a dispute that involves maritime trade, transport and foreign concerns, therefore Chapter VII applies. Article 72 of Chapter VII provides: "If one litigant requests execution of the legally effective award made by the commission for arbitration involving foreign concerns, and the adverse litigant's property is not within the PRC, the litigant shall directly request acknowledgement and enforcement from the foreign court which has the jurisdiction over the property." *Id.* The property at issue in the instant case is not

within the PRC but is located in Pensacola, Florida.  Thus, Plaintiff is correct in seeking acknowledgment and enforcement from the "foreign court," in this case the United States District Court for the Northern District of Florida.

Defendant's second argument, that enforcement should be refused because the arbitral procedure was not in accordance with the law of the country in which the arbitration took place, also fails.  Defendant's argument that the arbitration procedure was not in accordance with Chinese law centers around the fact that the CMAC rejected Plaintiff's counter-claim, but permitted Plaintiff to file a separate action and then consolidated it with Defendant's claim.  Defendant has failed to show that the Commission's decision was improper under Chinese law.  Furthermore, the Defendant has shown no prejudice from the Commission's decision because the issues raised in Plaintiff's claim were the same as those already pending in Defendant's claim.  This is not unlike our legal system in the United States, where a party might miss the deadline to make a counterclaim, but still be able to file a separate action if the statute of limitations has not yet run, and a court might later decide to consolidate the two actions if they involve identical issues.  In addition, it was Defendant who requested arbitration of this matter pursuant to the parties' agreement; therefore Defendant cannot argue that arbitration was not appropriate or permissible.  Thus, Defendant's second

argument, that the arbitration procedure was not in accordance with the law, fails as well.

Because I have found no grounds for refusal or deferral of recognition or enforcement of the award as specified in the New York Convention, I must confirm the arbitration award. 9 U.S.C. § 207.

### III. CONCLUSION

Plaintiff's motion to confirm the arbitration award is **granted**. The clerk is directed to enter judgment for Plaintiff against Defendant Devon in the amount of $543,814.74.

**ORDERED** on March 29, 2010.

                              **/s/ Richard Smoak**
                              **RICHARD SMOAK**
                              **UNITED STATES DISTRICT JUDGE**